# United States District Court
## for the Western District of New York

United States of America

v.

**MATTHEW DIFLORIO,**

*Defendant*

Case No. 15-MJ-4117

*[Stamp: FILED JUN 30 2015, MICHAEL J. ROEMER, CLERK, WESTERN DISTRICT OF NY]*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between in or about February 13, 2014 through to on or about June 3, 2015, in the County of Monroe, in the Western District of New York, the defendant violated <u>Title 18</u> U.S.C. §§ <u>2251(a) AND 2422(b)</u>, said offenses described as follows:

the defendant did knowingly entice and attempt to entice a minor using a means and facility of interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense, all in violation of Title 18, United States Code, Section 2422(b).

This Criminal Complaint is based on these facts:
☒ Continued on the attached sheet.

*Complainant's signature*
Brian Tucker, Task Force Officer
Federal Bureau of Investigation
*Printed name and title*

Sworn to before me and signed in my presence.
Date: June 30, 2015

*Judge's signature*

City and State: Rochester, New York

HONORABLE MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK  )
COUNTY OF MONROE  )    ss:
CITY OF ROCHESTER )

I, Brian Tucker, having been first duly sworn, do hereby depose and state as follows:

1. I am a Task Force Officer with the Federal Bureau of Investigation. I have been so employed for the past four years. I have also been employed by the Rochester Police Department for the past 30 years, 26 of those as an investigator. I am currently assigned to investigations involving crimes against children, as well as other criminal investigations.

2. This affidavit is submitted for the limited purpose of establishing probable cause to believe that MATTHEW DIFLORIO, born xx/xx/1987, did knowingly entice and attempt to entice a minor using a means and facility of interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

3. The information contained in this affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers, witnesses, a recorded admission made by DIFLORIO after waiving his constitutional rights and the review of documents and records. Because this affidavit is

being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that MATTHEW DIFLORIO did knowingly violate Title 18, United States Code, Section 2422(b).

4. On June 3, 2015, Cooperating Witness #1 (CW1), the mother of Cooperating Witness #2 (CW2), reported to the Rochester Police Department (RPD), that men had been communicating via text messages with CW2. The information provided at the time was that at least one male had communicated with CW2 and had, in fact, met with CW2 previously where the two had engaged in sexual acts. CW1 told Officer Wayne Johnson that the CW2 told her that they had engaged in sex. CW1 also stated that CW2's phone still contained texts about meeting for sex. CW1 also explained that CW2 is only 13 years old and was born XX/XX/02.

5. On June 8, 2015, your Affiant met with CW1. At that time your Affiant learned from CW1 that CW2 had been involved with at least two males and CW2 had disclosed to CW1 that she had engaged in sexual intercourse with both. CW1 indicated that one individual was the male she had filed a police report on and the other was a male named MATTHEW DIFLORIO. CW1 said that DIFLORIO was communicating with CW2 towards the end of 2014 (sometime in November or December) and that CW1 had contacted him via text messages and told him to leave CW2 alone and told him her age. CW1 also claimed she reported this to CW2's school because DIFLORIO worked for LifeTouch taking school pictures of kids. CW1 also provided your Affiant with CW2's

2

phone and gave permission to examine the phone and use said phone to develop evidence of possible criminal activity.

6. On June 18, 2015, our Affiant picked up CW2 from her home along with her mother for an interview. RPD Inv. MacKenzie met us at the location. CW2 was interviewed and your Affiant and Inv. MacKenzie witnessed the interview. CW2 disclosed a sexual encounter with a male she knew as MATTHEW DIFLORIO. CW2 claimed she had been communicating with DIFLORIO via an application called KIK and that he had come to her home on February 13, 2015, and at that time he forced himself upon her and raped her. CW2 said she did not want to consent to have sex.

7. On June 18, 2015, your Affiant also met with CW1 and she again brought up a picture of DIFLORIO from Facebook. Your Affiant did take a screen shot of the image and showed said image to CW2, asking if she knew the person. CW2 said that it was MATTHEW DIFLORIO.

8. During the interview with CW1, on this date, your Affiant advised CW1 that your Affiant had been communicating with a possible target using CW2's phone and CW1 again gave permission for your Affiant to assume the identity of CW2, so that your Affiant could continue to communicate for purposes of the investigation. CW1 also repeated her conversation where she had attempted to call DIFLORIO after she discovered that he was

in communication with CW2 and that when he would not answer she started texting him and told him that CW2 was 12 years old and to stay away from her.

9. On June 22, 2015 your Affiant discovered that DIFLORIO had sent a message to CW2 using KIK on June 21, 2015, where he said, "Hey". On June 22, 2015, your Affiant engaged in additional communication with DIFLORIO which consisted of some of the following texts: Affiant: "Miss you". DIFLORIO: "I miss you as well". Affiant: "R u mad at me". DIFLORIO: "I littlw bit but you had to do what you had to do". Affiant: "Well u were so old but I was wrong". DIFLORIO: "A clue about what? Whats your feelings towards me?". Affiant:" That depends on if u want me I guess". DIFLORIO: "I do still like you" and "So o do want you". Affiant:"Really? You want to be with me again like before". DIFLORIO: "Yes". Affiant: "So what do u want to do to me and when" DIFLORIO: "You know what I want to do to you and it depends when your free". Affiant: "Tell me sexy! I'm free Tuesday". DIFLORIO: "Wouls you be free around 12? And we van do whatever you want". DIFLORIO: "How would you leave the house?" and "We woiod find somewhere to go". Affiant: "Ok we could meet a the McDonalds, then hang out and have sex". DIFLORIO: "yes we can". Affiant: "My mom won't know I will go to a friends I'm free all sumer ☺ 7 the grade I'd done. I hate school". and "I might quit after I finnish 8th. Affiant:" So tomorrow at noon?" and "Do u want to sext later? ☺" DIFLORIO: "Correct. Not sure where we could go for fun though. And yes I would". DIFLORIO says: "Arent you 17 though?" Affiant: "15 u know that from before". DIFLORIO: "how are you?" Affiant: "Excited and horny" "U" "R u excited to have me again? Did u figure out a place to go". DIFLORIO: "I'm horny as well. And I am

4

excited for you as well!". Affiant: "Rough I want my man to take what he wants like u did back at valentines> Confidence!". DIFLORIO: "I could do that. Shove it right up the ass hehe". On Tuesday, June 23, 2015, Affiant: "Is sex with me good? What can I do better?" DIFLORIO: "I enjoy it. Could learn to give a better bj though. It hurt a little when you wer."

10. DIFLORIO agreed to go to the McDonalds near CW2's home on June 23, 2015, to meet for sex. On June 23, 2015, DIFLORIO responded to the McDonalds at North Clinton Avenue and Upper Falls Boulevard, Rochester, New York, at noon. DIFLORIO was observed by Inv. MacKenzie and your Affiant as he entered the McDonalds. Uniformed officers stopped DIFLORIO as he exited the bathroom.

11. DIFLORIO was advised of his rights, which he waived and he was interviewed by Inv. MacKenzie and your Affiant. The interview was recorded using a portable digital recorder. During the interview DIFLORIO admitted to receiving communications with someone claiming to be CW2's mother around Christmas of 2014 and telling him she was young. He also claimed he only learned yesterday she was only 15. DIFLORIO also admitted to engaging in sex with her at her home around the date in question and that some force was involved. DIFLORIO also admitted to communication with CW2 via text messages to meet.

12. The phone used by CW2 is a Verizon LG Model LG-VS415PP with a S/N of 501CQJZ0956532 which was made in China.

13. The phone used by DIFLORIO is a Samsung Verizon 4G Galaxy S6 IMEI# 990004863477828, which was made in China.

14. It is a criminal offense, for which a person can be charged in the State of New York, to attempt to entice a child to meet for the purpose of having sexual relations and it is a crime to have sex with a person under the age of 17 in New York State.

Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that MATTHEW DIFLORIO has violated Title 18, United States Code, Section 2422(b), knowingly enticing and attempting to entice a minor using a means and facility of interstate commerce to engage in sexual activity for which a person can be charged with a criminal offense.

_____
Brian Tucker
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
**30** day of June, 2015.

_____
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge